UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NATHAN O.<br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:20-CV-309-JVB<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiff Nathan O. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for an award of benefits or, in the alternative, for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's March 6, 2018, application for benefits, he alleged that he became disabled on August 26, 2016. After a May 28, 2019 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairment of lumbar sacral spinal stenosis status post fusion. (AR 17). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had the residual functional capacity (RFC) to

> lift and/or carry and push and/or pull 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for about two hours in an eight-hour day; sit for about six hours in an eight-hour day; never climb ladders, ropes, or scaffolds; occasionally climb ramp and stairs, balance, stoop, kneel, crouch, and crawl; and [] should avoid concentrated exposure to hazards such as exposed moving machinery, unprotected heights, or dangerous terrain.

(AR 19). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform his past relevant work. (AR 21). The ALJ did find, however, that Plaintiff was able to perform the representative occupations of address clerk, document preparer, and order clerk. (AR 21-22). Accordingly, the ALJ found Plaintiff to be not disabled from August 26, 2016, through August 23, 2019, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

2

**ANALYSIS**

Plaintiff argues that the ALJ erred in evaluating the medical source opinions provided by two treating physicians and by interpreting new medical evidence instead of submitting it to medical expert review. This second argument is dispositive, and the Court remands this matter for further administrative proceedings.

"[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor. . . . Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990); *see also, e.g.*, *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Instead of interpreting new evidence on their own, ALJs should submit new and potentially decisive medical evidence to medical scrutiny. *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014).

Here, the ALJ found the state agency medical and psychological consultants' findings persuasive. (AR 20). He stated:

> These findings are consistent with the objective evidence reviewed by these doctors and well explained. Further, these findings are consistent with all the other evidence in the record from all other sources. Evidence was submitted after the date these findings were given. However, this subsequent evidence does not warrant a change in the pertinent findings of these doctors. The subsequent evidence was consistent with the evidence reviewed by these doctors in that the claimant continued to have functionally intact physical and mental examinations. *There was no indication that the claimant's conditions substantially worsened.*

(AR 20 (emphasis added)). The state agency medical consultants' findings are dated May 1, 2018, and September 7, 2018, and note that the last evidence reviewed was received on April 30, 2018, and August 14, 2018, respectively.

On November 12, 2018—that is, after the agency doctors gave their findings—an MRI was performed on Plaintiff's lumbar region. The findings included, in part, "[a]t L4-L5 there is mild degeneration, broad-based disc protrusion and marginal spurring. There is moderate facet arthropathy. Combination [*sic*] the findings are resulted in moderate to severe bony canal and bilateral foraminal stenosis with compromise of dural sac and bilateral nerve roots visualized." (AR 1279). On May 6, 2019, Dr. Thompkins stated that he reviewed Plaintiff's "films" and noted that "[t]hings have changed dramatically above his previous fusion where he has now got moderately severe narrowing above his fusion due to not only a cyst, but some spurring." (AR 1284).

The ALJ made no note of Dr. Thompkins' statement of dramatic changes, instead making the finding, noted above, that nothing indicated a substantial worsening of Plaintiff's conditions and that the MRI was consistent with the evidence that the agency doctors did review. The Commissioner points out that the ALJ did provide a summary of the November MRI in his decision, "noting consistency between the evidence seen and unseen by the State agency consultants." (Comm'r's Resp. 8-9, ECF No. 24). The ALJ's very finding of consistency between the November MRI and a prior one is an issue in this particular case where there is evidence from a medical professional that instead of showing consistency, the MRI shows dramatic change. Having rejected Dr. Thompkins's opinions,[1] the ALJ was not free to substitute his own lay interpretation of this medical evidence. Instead, he should have submitted it to medical scrutiny. Remand is required.

The Court notes that Plaintiff has asked for a finding that he is disabled and an order that this case be remanded for an award of benefits. However, that relief is only appropriate when "all

---

[1] In the interest of judicial economy, the Court does not take up the question of whether the rejection of Dr. Thompkins's and Dr. Rao's opinions was proper.

4

factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Therefore, the alternative request for remand for further administrative proceedings is granted instead.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief granted in Plaintiff's Brief [DE 20], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for a finding of disability and award of benefits.

SO ORDERED on October 8, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
